# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| William A. Rankin and Shirley A. Rankin, | Consolidated Case No. 06-13726 |
| Debtors. | Bankr. Case No. 02-30596 Chapter 7 Walter Shapero |
| _____/ | United States Bankruptcy Judge |
| William A. Rankin and Shirley A. Rankin, | Judith E. Levy United States District Judge |
| Appellants, | Mag. Judge Michael J. Hluchaniuk |
| v. | |
| Brian Lavan and Associates, P.C.; Commonwealth Land Title Insurance Company, a foreign corporation; Joel R. Dault; Progressive Title Insurance Agency Company, a Michigan Corporation; Timothy Macdonald; Paul Wood; Karla Volke-Wood, | |
| Appellees, | |
| Collene K. Corcoran, | |
| Trustee— Appellee. | |
| _____/ | |

# OPINION AND ORDER DENYING DEBTOR/APPELLANT'S MOTION FOR RECONSIDERATION [78] AND DENYING DEBTOR/APPELLANT'S MOTION TO STRIKE [80]

This case is closed, and yet, before the Court are two motions from *pro se* Debtor/Appellant William A. Rankin: (1) a motion for reconsideration of the Court's March 22, 2021 order denying reconsideration of the June 26, 2020 order adopting Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation ("R&R") denying Debtor/Appellant's motion to reopen the case and Debtor/Appellant's motion for summary judgment (ECF No. 78); and (2) a motion to strike (ECF No. 80).

For the reasons set forth below, both motions are denied.

## I.  Background

The procedural history of this case has been discussed at length in previous opinions.[1] Notably, "[t]he underlying bankruptcy proceedings were completed in 2006 (ECF No. 1), appellate review in this Court was completed in 2008 (ECF No. 29), Sixth Circuit review was completed in

---

[1] Thorough summaries of this case's procedural history appear in Judge Hluchaniuk's March 17, 2020 R&R (*see* ECF No. 57, PageID.501–506) and in the Court's March 22, 2021 order (*see* ECF No. 75, PageID.841–843).

2011 (ECF No. 46), and Supreme Court review was completed in 2016. (ECF No. 51.)" (ECF No. 75, PageID.863–864.)

Relevant to the issues currently before the Court, on December 16, 2019, Debtor/Appellant filed a motion to reopen the case under Federal Rule of Civil Procedure 60(d)(3), in addition to seeking to "reopen" the Supreme Court's denial of certiorari for alleged fraud on the court. (*See* ECF No. 52.) On March 17, 2020, Judge Hluchaniuk recommended denying Debtor/Appellant's motion to reopen the case in an R&R. (ECF No. 57.) On June 26, 2020, the Court adopted Judge Hluchaniuk's R&R (ECF No. 57), denied Debtor/Appellant's motion to reopen the case (ECF No. 52), and denied Debtor/Appellant's request for an extension of time to file objections to the R&R (ECF No. 59). (*See* ECF No. 60.)

Thereafter, on July 2, 2020, Debtor/Appellant filed a motion for reconsideration of the Court's order adopting the R&R. (ECF No. 61). Then, on August 17, 2020, Debtor/Appellant filed a motion for summary judgment. (ECF No. 65.) On March 22, 2021, the Court denied both motions. (ECF No. 75.)

On April 5, 2021, Debtor/Appellant filed this most recent motion for reconsideration (ECF No. 78) and on June 1, 2021, he filed this motion to

3

strike (ECF No. 80). Appellees Collene K. Corcoran, Trustee, and Timothy P. MacDonald oppose both motions. (*See* ECF Nos. 81, 82.)

## II. Legal Standard

*Pro se* filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Despite this liberal construction, *pro se* litigants are bound by court rules. *See McNeil v. United States*, 508 U.S. 106, 113, (1993) ("[The Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Indeed, a court's "lenient treatment [of *pro se* litigants] has limits, especially when dealing with easily understood instructions." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (internal citation and quotations omitted).

## III. Analysis

### A. Motion for Reconsideration (ECF No. 78)

Debtor/Appellant's filing (ECF No. 78) is extremely difficult to

4

follow.[2] Construing *pro se* Debtor/Appellant's filings liberally, *see Erickson,* 551 U.S. at 94, the Court considers this filing as a motion for reconsideration of the March 22, 2021 order (ECF No. 75). The March 22, 2021 order included two rulings (1) denying Debtor/Appellant's motion for reconsideration (ECF No. 61) of the June 26, 2020 order adopting Judge Hluchaniuk's R&R and (2) denying Debtor/Appellant's motion for summary judgment (ECF No. 65).

Federal Rule of Civil Procedure 60(b) outlines the grounds on a which a litigant may seek reconsideration of a court's judgment or order, including a mistake, fraud, a void judgment, or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). Here, Debtor/Appellant titles the document "Motion to respond, Court has erred in it[]s opinion and order denying Debtor/Appellant's motion for reconsideration [61] and denying Debtor/Appellant's motion for summary judgment [65]." (ECF No. 78, PageID.935.) In the body of the document, Debtor/Appellant reiterates

---

[2] Though Debtor/ Appellant has proven "very capable of advocating on [his] own behalf" (ECF No. 75, PageID.844), the Court has previously noted that his filings are difficult to understand. (*See* ECF No. 32, PageID.269–279 ("Debtors' motion [ECF No. 30] — to the extent that the Court is able to make sense of it"); ECF No. 75, PageID.849 n.5 (characterizing Debtor/Appellant's fifty-page long, single-spaced filing (ECF No. 62) as "difficult to comprehend.").)

5

his arguments that the bankruptcy court judge should be disqualified (*see id.*, PageID.936, 941–943) that the Court rejected in its March 22, 2021 order (*see* ECF No. 75, PageID.855).[3] Debtor/Appellant also argues that the Court erred in its March 22, 2021 order by ruling on "procedural and practice laws and not constitutional laws" and applying the "void" Eastern District of Michigan Local Rule 7.1. (*Id. at* PageID.938–941, 943.) Accordingly, Debtor/Appellant appears to argue that there are grounds for the Court to reconsider its March 22, 2021 order (ECF No. 75) under Federal Rule of Civil Procedure 60(b).

As an initial matter, Debtor/Appellant's challenge to the application of "procedural laws" and Local Rule 7.1 in the Court's previous orders is frivolous. Debtor/Appellant provides no authority to support this argument, and the Court is not aware of any, either.

To the extent Debtor/Appellant's motion seeks reconsideration of the Court's ruling denying reconsideration of the R&R, it is improper. Courts have interpreted the Local Rules in this District as prohibiting such a motion for years. *See United States v. Rodgers*, No. 10-20235, 2011

---

[3] Judge Hluchaniuk also previously rejected these arguments in the March 17, 2020 R&R. (*See* ECF No. 57, PageID.520–521.)

WL 2746196, at *1 (E.D. Mich. July 14, 2011) ("The Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order."); (*see also* ECF No. 75, PageID.845.) And the Eastern District of Michigan Local Rules were amended to expressly prohibits such a motion, effective December 1, 2021. *See* E.D. Mich. L.R. 7.1(h)(4) ("A motion to reconsider an order denying a motion for reconsideration may not be filed."); E.D. Mich., Notice of Amendments to Local Rules (Nov. 10, 2021), https://www.mied.uscourts.gov/PDFFIles/ntcProposedAmdDec2021.pdf. Beyond the Local Rules, "[r]epeated requests for reconsideration are disapproved and should be viewed with caution, since there is no authority in the rules of civil procedure for seeking reconsideration of the denial of a motion for reconsideration." *Fharmacy Recs. v. Nassar*, No. 05-72126, 2008 WL 11355569, at *3 (E.D. Mich. Dec. 4, 2008) (citing *Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001)).

The motion is also improper if construed as a motion for reconsideration of the ruling in the March 22, 2021 order denying Debtor/Appellant's untimely motion for summary judgment (ECF No. 65). Again, the case is closed, and summary judgment is not a permissible

7

post-judgment motion. *See Reed v. Third Jud. Cir. Ct.,* No. 2:08-CV-14836, 2012 WL 488706, at *1 (E.D. Mich. Feb. 15, 2012) ("Federal Rule of Civil Procedure 56 provides no basis for granting summary judgment in a closed case."). Debtor/Appellant's motion is not allowed under the Local Rules, whether the Court's March 22, 2021 order denying summary judgment is considered "final" or "non-final." Under Eastern District of Michigan Local Rule 7.1 (h)(1), the Court may review a final order or judgment only on "a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." Debtor/Appellant has not demonstrated that there was a mistake, an intervening change in law, or new facts that would warrant a new outcome, as required for the Court to grant a motion for reconsideration of a non-final order under E.D. Mich. L.R. 7.1(h)(3).

Accordingly, this motion is denied.

### B.    Motion to Strike (ECF No. 80)

Though Debtor/Appellant's filing (ECF No. 80) is also extremely difficult to understand, interpreting *pro se* Debtor/Appellant's filings liberally, *see Erickson,* 551 U.S. at 94, the Court will consider this filing

as a motion to strike.[4] Debtor/Appellant titles the document "Notice of Motion to Strike" and quotes Federal Rule of Civil Procedure 12(f) (*see* ECF No. 80, PageID.957), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, it appears that Debtor/Appellant seeks to strike what he refers to as a "RUSE.[5]" (ECF No. 80, PageID.957 (emphasis in original).)

Construed liberally, this motion to strike is untimely and frivolous. This case initially came to the Court on appeal from a bankruptcy court in 2006, where the parties had the opportunity to litigate the contents of the record. *See* Fed. R. Bankr. P. 8009 (setting forth the contents of the

---

[4] Debtor/Appellant also references summary judgment and argues that he is entitled to summary judgment by referencing a case that applied the Massachusetts Rules of Civil Procedure. (*See* ECF No. 80, PageID.957–958 (citing *Cassesso v. Comm'r of Correction*, 390 Mass. 419, 422 (1983)).) To the extent this may be interpreted as yet another attempt to seek summary judgment in this Court, as previously explained, summary judgment is not a permissible post-judgment motion. (*See, e.g.*, ECF No. 75, PageID.864 (citing *Reed*, 2012 WL 488706, at *1).)

[5] Here, it is unclear which documents Debtor/Appellant seeks to strike. However, the Court notes that a motion under Federal Rule of Civil Procedure 12(f) may *only* be used to strike an aspect of a pleading, as set forth in Federal Rule of Civil Procedure 7(a). *See Harvey v. Pickell*, No. 11-11979, 2013 WL 2634632, at *6 (E.D. Mich. June 12, 2013). Because this motion is improper for other reasons, the Court need not address whether this aspect of the motion is also prohibited.

record in a district court of an appeal of a bankruptcy case); *see also Gilroy v. Fahl*, No. 19-11426, 2019 WL 5538109, at *1 (E.D. Mich. Oct. 25, 2019) (applying Fed. R. Bankr. P. 8009 to contents of the record of bankruptcy appeal before a district court); *Barclay v. U.S. Tr., Hackett*, 106 F. App'x 293, 294 (6th Cir. 2004) (affirming district court's dismissal of bankruptcy appeal where party failed to comply with Fed. R. Bankr. P. 8009). Indeed, since the Supreme Court declined to review Debtor/Appellant's case (ECF No. 51), the Court has already denied his two other meritless attempts to reopen this case. (*See* ECF Nos. 60, 75.)

In any case, Debtor/Appellant moves to strike under Federal Rule of Civil Procedure 12(f).[6] (*See* ECF No. 80, PageID.957.) Rule 12(f) provides that a court may act on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). This case was originally filed in 2002, approximately twenty years ago. The time to file a motion to strike under this rule expired long ago, and this motion is denied.

---

[6] Debtor/Appellant quotes from Federal Rule of Civil Procedure 12(f) in the motion. (ECF No. 80, PageID.957.)

## IV. Conclusion

For the reasons set forth above, the Court DENIES Debtor/Appellant's motion for reconsideration (ECF No. 78) of the Court's March 22, 2021 order and motion to strike (ECF No. 80). This case remains closed and no further filings will be accepted by the Court.

IT IS SO ORDERED.

Dated: February 11, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager